# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ASHLEIGH FRANKLE, individually and on behalf of all others similarly situated, | Civil No. 08-5501 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| BEST BUY STORES, L.P., | |
| Defendant. | |

Stuart A. Davidson and Cullin A. O'Brien, **COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432; T. John Kirk, **MADDOX HARGETT & CARUSO, PC**, 10100 Lantern Road, Suite 150, Fishers, IN 46037; Michael I. Fistel, Jr., **HOLZER HOLZER & FISTEL, LLC**, 200 Ashford Center North, Suite 300, Atlanta, GA 30338; and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, 332 Minnesota Street, Suite E-1250, St. Paul, MN 55101, for plaintiff.

Anne M. Lockner, Brent L Reichert, and Jennifer G. Daugherty, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for defendant.

Plaintiff Ashleigh Frankle purchased a clothes dryer from defendant Best Buy Stores, L.P. ("Best Buy"), and paid Best Buy to install it in her home. Frankle alleges that Best Buy installed the dryer with a metal foil vent, which violated specific safety warnings affixed to the dryer by the dryer's manufacturer. Frankle brought this action alleging two claims for breach of contract and, in the alternative, equitable claims for unjust enrichment and money had and received. Frankle also seeks an injunction

preventing Best Buy from continuing to violate the installation instructions given by dryer manufacturers.   Now before the Court are (1) Best Buy's motion to dismiss Frankle's complaint; (2) Frankle's motion for a preliminary injunction; and (3) Frankle's motion for expedited discovery.   For the reasons given below, the Court grants in part and denies in part Best Buy's motion to dismiss, denies Frankle's motion for a preliminary injunction, and denies Frankle's motion for expedited discovery as moot.

## BACKGROUND

In September 2008, Frankle, a resident of Georgia, purchased a Maytag Electric Dryer from a Best Buy retail store in Alpharetta, Georgia.  (Compl., Docket No. 1, ¶ 20.) Frankle paid Best Buy for the delivery and installation of the dryer.  (*Id*.)  Frankle alleges that Best Buy promised it would install the dryer "right the first time," in accordance with "all local codes and regulations," and in a "workmanlike" manner.  (*Id*., ¶¶ 2, 4.)

There was a warning affixed to the rear of Frankle's dryer titled "Fire Hazard," which states, among other things, "[d]o not use a metal foil vent."  (*Id*., ¶ 26.)   The warning adds "[f]ailure to follow these instructions can result in death or fire.*"*  (*Id.*) These warnings are repeated in the dryer's instruction manual.  (*Id*., ¶ 27.)

Frankle indicates that in addition to these manufacturer's warnings, "many governmental consumer and trade groups have cautioned against the use of metal foil or plastic vents."  (*Id*., ¶ 34.)  Specifically, Frankle points to warnings from the Consumer Product Safety Commission, the Federal Emergency Management Agency, Consumer Reports, and the Association of Home Appliance Manufacturers.  (*Id*.)  Frankle alleges

that these sources generally warn that flexible vents (such as those made of metal foil) have a propensity to allow lint to build up over time, increasing the risk of fire. (*Id*.) Frankle alleges that annually between 2002 and 2004, clothes dryer vents were involved in 15,600 "structure fires," 15 deaths, 400 injuries, and $99 million in property damage. (*Id*., ¶ 35.) Frankle contends that the leading cause of these fires was "the improper installation of vents and the excessive build up of lint within the Dryer and ventilation tubes." (*Id*., ¶ 36.)

Despite the manufacturer's express warnings and these risks identified by third parties, Best Buy installed Frankle's dryer with a metal foil vent. (*Id*., ¶ 28.) Frankle indicates that she had no part in the selection of this vent, and that she relied on Best Buy's professional installers to properly install the dryer. (*Id*., ¶ 30.)

Frankle brought this lawsuit in federal district court, alleging a breach of contract claim seeking damages, a breach of contract claim seeking specific performance, and, in the alternative, equitable claims for unjust enrichment and money had and received. Frankle also brings a separate claim for a permanent injunction. In sum, Frankle contends that Best Buy violated the manufacturer's instructions during the installation of her dryer by installing a metal foil vent, and she seeks to enjoin this practice. Frankle intends to seek class certification for a class of consumers who purchased dryers from Best Buy and also received metal foil vents. Best Buy notes that since this lawsuit was filed, Frankle arranged to have her dryer vent replaced at her own expense and that it has stopped using metal foil vents in its dryer installations.

**ANALYSIS**

**I.     BEST BUY'S MOTION TO DISMISS**

**A.     Standard of Review**

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 570. These same principles apply where a party seeks dismissal of a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) based on challenges to the sufficiency of the pleadings. *See Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007).

**B.     Standing**

Best Buy first argues that Frankle has failed to allege an adequate injury to confer standing. In order for Frankle to have standing to bring this action, she must show (1) that she has suffered an injury-in-fact; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that her injury will "likely" be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An "injury-in-fact" must be "concrete and particularized" and "actual or

imminent," rather than "conjectural or hypothetical." *Id*. at 560 (internal quotation marks omitted). "The party invoking jurisdiction bears the burden of establishing these elements." *Id*. at 561. "At the pleading stage, [however,] general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claims." *Id*. (internal quotation marks omitted).

Here, Frankle contends that Best Buy breached the dryer installation contract and caused an injury when it installed her dryer in a manner that violated the manufacturer's safety instructions. In other words, Frankle contends that she paid Best Buy to properly install her dryer, and that Best Buy failed to provide her with the benefit of her bargain. Several other district courts have considered nearly identical claims brought against defendants who allegedly improperly installed dryers, and in each case these courts have concluded that the plaintiffs alleged an adequate injury to establish standing. *See Kaiser-Flores v. Lowe's Home Centers, Inc.*, No. 08-45, 2009 WL 762198, at *3 (W.D.N.C. Mar. 19, 2009); (concluding that "the cost of remedying the faulty installation" was a sufficient injury to satisfy the standing requirement); *Jones v. Sears, Roebuck & Co.*, No. 08-2951 (N.D. Ill May 21, 2008) (attached at Docket No. 39, Ex. A) (same); *see also Mack v. HH Gregg, Inc*., No. 08-664, 2008 WL 4082269, at *1 (S.D. Ind. Aug. 21, 2008) (noting that the plaintiffs "showed a reasonably [sic] likelihood of success on the merits of their breach of contract claim, based on the theory that defendants . . . failed to install the dryer they purchased according to the manufacturer's specifications and warnings concerning the material used for the dryer vent") The court in *Jones* explained:

> Sears was paid money to install the dryer.  Therefore there must have been
> a contract:  The promise by Sears to install the dryer and the consideration
> by Jones in the form of payment.  Sears' argument that Jones suffered no
> injury confuses the subject of the contract.  The contract did not involve the
> sale of the dryer but for the installation of the dryer.  Therefore, if Sears
> failed to install it properly, it should be held to account for the cost of
> remedying the faulty installation.

*Jones*, at 3-4.  Here, as well, Frankle alleges that she was injured by Best Buy's failure to provide her with the installation that she was promised, and she intends to seek "the cost of remedying the faulty installation."  *Id.*  This Court agrees with *Kaiser-Flores*, *Mack*, and *Jones* that such an injury is sufficient to satisfy the requirement for standing articulated in *Lujan*.

Best Buy argues that a specific provision in the parties' agreement distinguishes these prior cases and should compel a different result.  Best Buy contends that the substance of the parties' contract is found in a set of guarantees published on Best Buy's website.  (*See* Daugherty Decl., Docket No. 49, Ex. 1.)  Among those promises, Best Buy states: "We guarantee our workmanship for a period of one year.  If, during this time, you are not satisfied with any aspect of our workmanship, we will fix it free of charge."  (*Id.*) Best Buy contends that this promise guaranteed Frankle a free remedy for any failings in Best Buy's installation of the dryer, and that her failure to invoke that remedy should preclude her from asserting an injury under the contract.

The Court disagrees that this is a basis for dismissing Frankle's claims pursuant to Rule 12 for two reasons.  First, there appears to be a dispute among the parties over both the source and the content of Best Buy's contractual obligations.  Frankle squarely indicated at the hearing that she does not believe that the materials included on Best

Buy's website constitute the parties' contract.  So long as there is a dispute over whether Best Buy's website guarantees constitute its contractual obligations, a disputed application of one of those guarantees is not an appropriate basis for dismissing Frankle's claims.  Second, even if the provision in question is properly considered a part of the parties' agreement, the Court does not agree that this provision would preclude Frankle from asserting a constitutionally sufficient injury in this case.  If Best Buy promised to properly install Frankle's dryer, and if Best Buy's failure to follow Maytag's express instructions constituted a breach of that promise, then Frankle suffered an injury-in-fact arising out of Best Buy's breach of contract.  Though Best Buy appears to have offered to provide free repairs in those circumstances, this offer did not bind Frankle to seek repairs through Best Buy, and did not otherwise restrict her from mitigating her damages through other means.  In those circumstances, her injury is no less adequate than the injury of any injured plaintiff who receives and rejects a settlement offer.  Accordingly, Frankle has alleged a sufficient injury to pursue her claims.

### C.    Failure to State a Claim

#### 1.    Breach of Contract (Damages) (Count 1)

Best Buy next argues that all of Frankle's claims should be dismissed because she has failed to state a claim.  As an initial matter, the Court notes that this dispute is governed by Georgia substantive law.  To determine which state's substantive law applies, the Court "look[s] to the conflict-of-law principles of the state where the district court sits." *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir.

2008).   "Minnesota applies a five-factor choice-of-law analysis to determine which state's law applies."  *Schumacher v. Schumacher*, 676 N.W.2d 685, 690 (Minn. App. 2004).   "The five choice-influencing considerations are: (1) predictability of result; (2) maintenance of interstate order; (3) simplification of judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law."  *Id*. Here, Frankle is a Georgia resident who purchased the critical dryer at a Best Buy store in Georgia, and paid for Best Buy to install the dryer in her Georgia home.   In those circumstances, the parties almost certainly would have predicted that Georgia law would apply to any subsequent disputes, and an application of Minnesota law would plainly promote forum shopping.   Moreover, there are no special difficulties this Court will face in applying Georgia contract law, and the final two factors do not favor the law of either forum.   Accordingly, while it is not clear that there are any differences between Minnesota and Georgia law that are material to Frankle's claims, Georgia substantive law will apply.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."  *Kuritzky v. Emory Univ.*, 669 S.E.2d 179, 181 (Ga. App. 2008).   "[T]he breach must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires."  *Id*.

Here, Best Buy argues that it could not have breached the installation contract as a matter of law because it complied with all local codes and regulations governing the installation of dryer vents.   Frankle, however, has not alleged that Best Buy breached the

contract by violating a code or regulation.  Instead, Frankle contends that Best Buy breached a contractual obligation to install the dryer in accordance with the instructions of the manufacturer.  While Frankle's complaint and arguments have not been consistently clear as to the source of this obligation, the Court notes that Frankle's complaint alleges that Best Buy promised to install the dryer "in a workmanlike manner." (Compl., Docket No. 1, ¶ 4.)  Similarly, Best Buy's website guarantees its "workmanship" in the installation of the dryer.  (*See* Daugherty Decl., Docket No. 49, Ex. 1.)  Frankle's allegation that Best Buy failed to heed a specific, grave safety warning that was affixed to the dryer is undoubtedly enough to state a claim for a breach of these provisions.  Accordingly, Best Buy's motion to dismiss is denied to the extent that it seeks the dismissal of Frankle's breach of contract claim seeking damages.

## 2.      Breach of Contract (Specific Performance) (Count 2)

As noted above, Frankle brings a second breach of contract claim seeking specific performance.  Frankle now agrees that this claim should be dismissed in light of her arrangement to have the dryer installation corrected by a third party.  Accordingly, Frankle's breach of contract claim seeking specific performance is dismissed with prejudice.

## 3.      Equitable Claims (Counts 3 and 4)

The parties agree that Frankle's claims for unjust enrichment and money had and received are unavailable if the parties had a valid legal contract.  *See Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006) (explaining

that the theory of unjust enrichment applies "when there is no legal contract"); *Pac. W., Inc. v. LandAmerica Credit Servs., Inc.*, No. 05-895, 2007 WL 1970870, at *4 (N.D. Ga. June 29, 2007) (concluding that a claim for money had and received was precluded by the presence of a valid contract).  Best Buy has assured the Court that it will not be disputing that its arrangement to install Frankle's dryer was governed by a valid contract. Accordingly, these claims are dismissed without prejudice.[1]

Count Five of Frankle's complaint seeks a permanent injunction.  That claim is addressed below, in the context of her request for preliminary injunctive relief.

## II.   MOTION FOR PRELIMINARY INJUNCTION

### A.     Standard of Review

Because Frankle's breach of contract claim seeking damages is sufficient to survive Best Buy's motion to dismiss, the Court goes on to consider Frankle's motion for a preliminary injunction.   In determining whether a party is entitled to a preliminary injunction, the Court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The Eighth Circuit has recently clarified the third prong of this test, noting that "where a preliminary injunction is sought to enjoin . . . [a] government action

---

[1] If Best Buy should challenge the existence of a valid contract at a later stage in this case, the Court would welcome a motion from Frankle seeking leave to restore these claims to her complaint.

based on presumptively reasoned democratic processes" (e.g. a state or federal statute),

"courts must make a threshold finding that a party is likely to prevail on the merits."

*Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732-33 (8th Cir. 2008).

In circumstances that do not fall under this category, such as those at issue here, courts

should determine whether the plaintiff has a mere "fair chance of prevailing."  *Id*. at 732.

"It frequently is observed that a preliminary injunction is an extraordinary and drastic

remedy, one that should not be granted unless the movant, by a clear showing, carries the

burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C.

Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d.

ed. 1995)).

**B.**      **Standing to Pursue Injunctive Relief**

Frankle seeks a preliminary injunction ordering Best Buy to (1) notify its past

customers of improper installations; and (2) cease any improper installations.

At least three courts have recently considered nearly identical motions, and have

concluded that the plaintiff lacked standing to seek nearly identical injunctive relief.  In

*Mack*, the Court considered a request for an injunction requiring the defendant to send

notices to customers who had previously had dryers installed with metal foil vents.  2008

WL 4082269, at *1.  The court explained:

> [T]he Macks do not presently have standing to seek a notice to other
> customers because such relief will not benefit them.  Because no plaintiff
> class has been certified at this point, plaintiffs lack standing to seek – and
> the district court therefore lacks authority to grant – relief that benefits third
> parties.  A wrong done to plaintiff in the past does not authorize
> prospective, class-wide relief unless a class has been certified.  Why else

> bother with class actions?  Plaintiffs' equitable arguments to the effect that
> such an injunction is needed to protect the safety of persons who fall within
> the definition of the proposed class do not overcome this basic restriction
> on the power of courts to make the world a better place.

*Id.* at *1 (internal citations and quotation marks omitted); *see also Baxter v. Palmigiano*, 425 U.S. 308, 310 n.1 (1976) (indicating that before a class had been certified, it is necessary that a named plaintiff have standing to raise the issues before the court). Similarly, in *Kaiser-Flores* the court stated that it was "difficult to imagine" how the plaintiff had standing to seek prospective injunctive relief on behalf of members of a putative class when the named plaintiff herself was "already on notice of the potential danger and fully aware how to cure or remedy her complaint."  2009 WL 762198, at *7. Finally, in *Goldstein v. The Home Depot U.S.A., Inc.*, No. 08-1825 (N.D. Ga. Mar. 11, 2009) (attached at Docket No. 52, Ex. A), the court adopted the reasoning of *Mack* in full, and noted that it was consistent with the principles governing requests for injunctions in the Eleventh Circuit.

Here, as in *Mack*, *Kaiser-Flores*, and *Goldstein*, Frankle clearly will not benefit from an injunction requiring notice to past dryer purchasers, because she is fully aware of Best Buy's apparent failure to comply with the manufacturer's installation instructions. Indeed, she has already had her dryer vent replaced.  In addition, she lacks standing to seek an injunction restricting future installations because she is no more likely than anyone else to be impacted by those future installations.  *See Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).  Finally, while Frankle has signaled her intent to seek class-wide relief, a class has not yet been certified.  *See Mack*, 2008 WL 4082269, at *1.  In those

circumstances, Frankle is no closer to possessing standing to pursue injunctive on behalf of third parties than the plaintiffs in *Mack*, *Kaiser-Flores*, or *Goldstein*.

Frankle argues that each of these cases is distinguishable, because none applied the law of the Eighth Circuit. While Frankle is correct that these cases were decided elsewhere, this Court disagrees that the Eighth Circuit would approach this issue differently. In *Elizabeth M. v. Montenez*, 458 F.3d 779 (8th Cir. 2006), the Eighth Circuit considered a class action brought on behalf of inmates challenging the conditions at a mental health facility. The Circuit indicated that the only inmates eligible to seek injunctive relief improving those conditions were inmates still residing at the facility, who could potentially benefit from the improvements. *Id*. at 785. Here, Frankle – as with the inmates who had already been discharged in *Montenez* – is not capable of benefiting from her proposed injunctive relief. *See also Grandson v. Univ. of Minn*., 272 F.3d 568, 574 (8th Cir. 2001) (noting that claims for injunctive relief under Title IX are properly dismissed where the named plaintiffs are no longer students); *accord Goldstein v. The Home Depot U.S.A., Inc.*, No. 08-1825 (N.D. Ga. Mar. 11, 2009) (attached at Docket No. 52, Ex. A). Thus, Frankle's motion for a preliminary injunction is denied.

## C.    Permanent Injunction

The Court notes that based on the reasoning given above, it must also dismiss Frankle's more limited request for a permanent injunction. In her complaint, Frankle seeks an injunction preventing Best Buy from continuing to install dryers in a manner that violates manufacturers' safety warnings. (Compl., Docket No. 1, ¶¶ 83-90.) Best

Buy has assured the Court that such an injunction is unnecessary, because it has stopped installing metal foil vents.  Even if Best Buy planned to continue this activity, however, this relief would not benefit Frankle personally, and would not benefit any members of her putative class, which is limited to consumers whose dryers have already been improperly installed.  (*Id*., ¶¶ 38, 46.)  In those circumstances, Frankle cannot, as a matter of law, seek relief on behalf of third parties.  *See generally Lyons*, 461 U.S. at 105.  Accordingly, Frankle's claim for injunctive relief prohibiting Best Buy from violating manufacturer-provided installation instructions in the future is dismissed.

## III.    FRANKLE'S MOTION FOR EXPEDITED DISCOVERY

At the hearing on these motions, Frankle indicated that she was withdrawing her motion for expedited discovery.  Accordingly, that motion is denied as moot.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Best Buy's motion to dismiss [Docket No. 33] is **GRANTED in part and DENIED in part** as follows:

a.    The motion is **GRANTED** as to Counts 2, 3, 4, and 5.  Counts 2 and 5 of Frankle's complaint are **DISMISSED with prejudice**.  Counts 3 and 4 of Frankle's complaint are **DISMISSED without prejudice**.

b.    The motion is **DENIED** as to Count 1.

2.    Frankle's motion for preliminary injunction [Docket No. 13] is **DENIED**.

        3.      Frankle's Motion to Expedite Limited Discovery [Docket No. 18] is

**DENIED as moot**.


DATED:   April 22, 2009                         _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                 United States District Judge