UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ASHLEIGH FRANKLE, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

BEST BUY STORES, L.P.,

Defendant.

Civil No. 08-5501 (JRT/JJG)

**ORDER GRANTING FINAL APPROVAL OF THE PROPOSED SETTLEMENT, FINAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

---

Stuart A. Davidson, Paul Geller, and Cullin A. O'Brien, **COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432; T. John Kirk, Thomas Caldwell, Thomas Hargett, and Barbara Quinn Smithh, **MADDOX HARGETT & CARUSO, PC**, 10100 Lantern Road, Suite 150, Fishers, IN 46037; Corey Holzer, Marshall Dees, William Stone, and Michael I. Fistel, Jr., **HOLZER HOLZER & FISTEL, LLC**, 200 Ashford Center North, Suite 300, Atlanta, GA 30338; David P. Meyer and Matthew R. Wilson, **DAVID P. MEYER & ASSOCIATES CO, LPA**, 1320 Dublin Road, Suite 100, Columbus, OH 43215; and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, 332 Minnesota Street, Suite E-1250, St. Paul, MN 55101, for plaintiff.

Anne M. Lockner, Brent L Reichert, Elliot Kaplan, Jennifer Robbins, and Jennifer G. Daugherty, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for defendant.

The Court having reviewed and considered Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Docket No. 119], as well as Plaintiff's Unopposed Motion for Attorneys' Fees and Expenses [Docket No. 112], both filed on

November 2, 2010, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, and all other prior proceedings in this Action, good cause for this Order having been shown:

FINDS, CONCLUDES, ORDERS, AND ADJUDGES as follows:

## I. JURISDICTION OF THE COURT

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

In the Preliminary Approval Order, this Court preliminarily granted class certification to the following nationwide settlement class ("Settlement Class"):

> All persons who purchased a clothes dryer from Best Buy from October 14, 2002 to January 12, 2009, who entered into a contract with Best Buy to install or arrange for the installation of the dryer, and whose dryer was installed with a metal foil transition duct/vent and not at the direction of the Class member.

The Court found and concluded that the Settlement Class satisfied all the requirements of due process and other applicable federal law; appointed Plaintiff as class representative; and appointed as Class Counsel Robbins Geller Rudman & Dowd LLP, David P. Meyer & Associates Co., LPA and Maddox Hargett & Caruso, P.C. Having

considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, including all objections and submissions by Class Members, the Court now overrules those objections and finds and concludes that the provisions of the Preliminary Approval Order conditionally certifying the Settlement Class, appointing Plaintiff as representative of the Settlement Class, appointing RUST Consulting as the settlement administrator ("the Settlement Administrator"), and appointing Class Counsel, should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the nationwide class action settlement provided for in the Settlement Agreement and entering final judgment in this action.

### III.     NOTICE

The Preliminary Approval Order approved: (1) the form and content of a mailed notice of the Settlement to be provided to members of the Settlement Class (the "Settlement Notice"); (2) the form and content of the Claim Form; and (3) the plan specified in the Settlement Agreement for distributing and publishing the Settlement Notice and the Claim Form.  The Settlement Notice accurately and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for

submitting, claims for compensation; and (5) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement or object to the terms of the Settlement Agreement, and the procedures to do so.

The Settlement Notice fairly and adequately informed members of the Settlement Class that failure to complete and submit a Claim Form, together with the specified supporting documentation and the specified supporting information, in the manner and time specified in the Settlement Notice would constitute a waiver of any right to obtain any compensation under the Settlement. The Settlement Notice also fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing and publishing the Settlement Notice has been implemented and has provided the best notice practicable under the circumstances of this case. The Preliminary Approval Order required the Parties to mail or cause to be mailed to all members of the Settlement Class whose addresses reasonably could be identified in Best Buy's records, a copy of the Settlement Notice. The Preliminary Approval Order required that, before the Settlement Administrator mailed such copies of the Settlement Notice, the Parties had to obtain, or cause to be obtained, address updates utilizing a National Change of Address database. In mailing such notices, the Settlement Administrator was required to utilize any updated

addresses thus obtained. It was also required that the Settlement Notice be published in one issue of the *USA Today*. Finally, the Preliminary Approval Order required Defendants to comply with the notice requirements in the Class Action Fairness Act, 28 U.S.C. § 1715. Indeed, the effectiveness of the Notice was enhanced by the addition of a Supplemental Notice, which was also provided to class members in the form of a post card, pursuant to this Court's Order of October 6, 2010.

The Preliminary Approval Order required the Parties to file proof of the Parties' compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, this requirement has been met.

In addition, the Claim Form provided for in the Settlement Agreement and approved in the Preliminary Approval Order fairly, accurately, and reasonably informed members of the Settlement Class of appropriate information about, and means for, submitting claims for compensation from the Defendant. The plan provided for in the Settlement Agreement and approved in the Preliminary Approval Order for publishing the Claim Form on the Settlement Administrator's website and distributing the Claim Form was and is fair and reasonable.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of law and due process.

**IV. PERSONS EXCLUDED FROM THE SETTLMENT CLASS**

The Settlement Administrator has received from 47 members of the Settlement Class requests for exclusion from the Settlement Class and has provided Class Counsel and Defendants' counsel copies of those requests. These persons, having filed timely exclusions with the Settlement Administrator, are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement.

V.       **FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class who submits a Valid Claim, as that term is defined in the Settlement Agreement, to receive from the Defendant compensation with a properly completed and signed Claim Form. The Settlement Agreement provides this compensation to the Settlement Class even though the Defendant has at all times disputed, and continue to dispute, Plaintiff's allegations in this lawsuit and to deny any liability for any of the claims that have been or could have been alleged by Plaintiff or other members of the Settlement Class.

Taking into account the defenses asserted by the Defendant and the risks to the members of the Settlement Class that the Defendant would successfully defend, at trial or on appeal or both, against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action, and the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to

obtain a final judgment through one or more trials and appeals, the Settlement Agreement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after litigation, significant investigation, and arm's-length negotiation, and the Settlement is not in any way the product of collusion.

The Court has also considered and overrules all objections by Class Members. The Court and Parties have received correspondence that could be possibly be construed as an objection from only three Class Members. To the extent the submissions of David Ryan, Lawrence Rivera and Anita & Michael Born are validly submitted objections, they are without merit in any event and are overruled.

Accordingly, having considered the foregoing, the number of class members who have requested to be excluded from the Settlement, the objections to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by the Defendant, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the Parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, the Court find that the Attorney's Fees and Expenses and Incentive Award for the Class Representatives sought to be reasonable and the Court hereby grants final approval of the Settlement Agreement and enters this Final Judgment implementing its terms. The Court hereby adopts and incorporates the terms of the

Settlement Agreement for the purposes of this Order and Judgment, including the Definitions set forth in the Settlement Agreement.

VI.     ATTORNEYS' FEES AND EXPENSES

The Court, having been fully apprised of the circumstances and having considered the arguments of counsel and the filings of record in this case, hereby awards Class Counsel attorney fees and expenses in the amount of $750,000.

VII.    INCENTIVE AWARDS

The Court hereby grants the requested incentive awards for the Plaintiff and Lunette Woods in the amount of $2,000 each, for a total of $4,000.

VIII.   ENTRY OF FINAL JUDGMENT

The Court hereby orders dismissal with prejudice of all claims alleged in the Class Action Complaint in this action. The Court further orders the entry of, and enters, this Judgment, incorporating the provisions of this Order, including the releases and covenant not to sue, on all claims, counts, and causes of action alleged in this action by Plaintiff, on behalf of herself, the Settlement Class, or both herself and the Settlement Class. In entering this Judgment, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Judgment implement and enforce its terms in their entirety. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the payment of Valid Claims as

provided by the Preliminary Approval Order and by this Order, as well as all other matters relating to the administration and consummation of the Settlement.

JUDGMENT IS SO ENTERED.

DATED: November 9, 2010
at Minneapolis, Minnesota

                                      s/ John R. Tunheim
                                        JOHN R. TUNHEIM
                                        United States District Judge