UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ASHLEIGH FRANKLE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P.,<br><br>Defendant. | Civil No. 08-5501 (JRT)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT** |

Barbara Quinn Smith, **MADDOX HARGETT & CARUSO, PC**, 9853 Johnnycake Ridge Road, Suite 302, Mentor, OH  44060; T. John Kirk, Thomas K. Caldwell, and Thomas A. Hargett, **MADDOX HARGETT & CARUSO, PC**, 10100 Lantern Road, Suite 150, Fishers, IN  46037; Corey D. Holzer, Marshall P. Dees, Michael I. Fistel, Jr., and William W. Stone, **HOLZER, HOLZER & FISTEL, LLC**, 200 Ashford Center North, Suite 300, Atlanta, GA  30338; Paul J. Geller, Cullin A. O'Brien, and Stuart A. Davidson, **ROBBINS GELLER RUDMAN & DOWD, LLP**, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL  33432; David P. Meyer and Matthew R. Wilson, **DAVID P. MEYER & ASSOCIATES CO., LPA**, 1320 Dublin Road, Suite 100, Columbus, OH  43215; and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, 332 Minnesota Street, Suite E-1250, St. Paul, MN  55101, for plaintiff.

Elliot S. Kaplan, Anne M. Lockner, Brent L. Reichert, Jennifer M. Robbins, and Ochen D. Kaylan, **ROBINS KAPLAN LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN  55402, for defendant.

This matter is before the Court on a motion to enforce settlement and injunction by Best Buy Stores, L.P. ("Best Buy").  On November 9, 2010, the Court entered an Order and Final Judgment approving the parties' proposed settlement in this class action, which dismissed with prejudice all remaining claims in the class action against Best Buy.  This

Court retained jurisdiction over all matters related to the *Frankle* class action.  Best Buy has now moved to enforce that Order against Kenneth Jackson, a *Frankle* Class member, and his subrogee State Farm Fire and Casualty Company ("State Farm"), in the action Jackson filed against Best Buy in Louisiana state court.  Because Jackson is a Class member who received notice of the settlement barring him – and consequently, State Farm as his subrogee – from relitigating these claims against Best Buy, the Court will grant Best Buy's motion and order State Farm to dismiss with prejudice its claims against Best Buy in the Louisiana action.

## BACKGROUND

### I. CLASS ACTION PROCEEDINGS

On October 14, 2008, Ashleigh Frankle filed a complaint, individually and on behalf of all others similarly situated, against Best Buy for failure to install clothes dryers with a heavy metal vent.  (Compl., Oct. 14, 2008, Docket No. 1.)  Frankle alleged that if the dryers were improperly installed, such as with a foil vent, they posed a serious fire risk to customers.  (*Id.* ¶¶ 34-36.)  She further alleged that Best Buy sold and then installed (or arranged for the installation of) such dryers with metal foil transition ducts or vents.  (*Id.* ¶¶ 7-13, 16.)  Following a final fairness hearing, the Court entered an Order granting final class certification and approval of the parties' proposed settlement.  (Order Granting Final Approval of the Proposed Settlement, Final Certification of the Settlement Class, and Approval of Attys' Fees and Expenses ("Order Granting Final Approval"), Nov. 9, 2010, Docket No. 127.)

In the Order granting final settlement approval, the Court certified the following Class:

> All persons who purchased a clothes dryer from Best Buy from October 14, 2002 to January 12, 2009, who entered into a contract with Best Buy to install or arrange for the installation of the dryer, and whose dryer was installed with a metal foil transition duct/vent and not at the direction of the Class member.

(*Id.* at 2.)  In the same Order, the Court approved the form and content of the settlement notice and claim form.  (*Id.* at 3-5.)  Additionally, the Court entered final judgment dismissing with prejudice all claims alleged in the Class Action Complaint.  (*Id.* at 8.)  In doing so, the Court "specifically refer[red] to and invoke[d] the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and request[ed] that any court in any other jurisdiction reviewing, construing, or applying [the] Judgment implement and enforce its terms in their entirety."  (*Id.*)  Further, the Court "expressly retain[ed] jurisdiction over all matters relating to the adjudication of claims and the payment of Valid Claims as provided . . . by this Order, as well as all other matters relating to the administration and consummation of the Settlement."  (*Id.* at 8-9.)

The notice was mailed to all Class members, including Kenneth Jackson, in 2010. (Decl. of Theresa Collins ("Collins Decl.") ¶ 2, June 4, 2014, Docket No. 136.)  Jackson was sent a follow-up reminder one month after the initial notice was sent.  (*Id.* ¶ 3.)  He did not submit a claim form or opt-out notice.  (*Id.* ¶ 4.)

## II.  KENNETH JACKSON'S LOUISIANA STATE COURT ACTION

Kenneth Jackson is a resident of Prairieville, Louisiana.  (*Id.* ¶¶ 1-2; Decl. of Ochen D. Kaylan ("Kaylan Decl."), Ex. 1 ¶ 2, June 4, 2014, Docket No. 135.)  On February 1, 2012, Kenneth Jackson and his wife Nickeshia filed a complaint against Best Buy in the 19th Judicial District Court in the Parish of East Baton Rouge in Louisiana.  (Kaylan Decl., Ex. 1.)  In his complaint, Jackson alleges that he is entitled to damages for a fire that occurred due to a clothes dryer installed with a foil transition duct.  (*Id.* ¶¶ 3-5, 8-10, 13-17.)  He states that he purchased the clothes dryer from Best Buy on August 25, 2007.  (*Id.* ¶ 5.)  Jackson also acknowledges in the complaint that Best Buy was subject to the *Frankle* class action for precisely the same type of injury that he suffered.  (*Id.*)

State Farm petitioned to intervene (Kaylan Decl., Ex. 2), and Jackson subsequently voluntarily dismissed his claims.  (Kaylan Decl., Ex. 3.)  Best Buy now seeks dismissal of State Farm's subrogated claims to recover its fire damage payments.

## ANALYSIS

### I.  RES JUDICATA

Res judicata operates to bar subsequent litigation when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Minch Family LLLP v. Buffalo–Red River Watershed Dist.*, 628 F.3d 960, 966 (8th Cir. 2010) (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).  The first factor is

satisfied if the subsequent claim arises out of "the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (internal quotation marks omitted); *see also Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) ("Regarding the 'same claims or causes of action' element of claim preclusion, we have stated that whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'" (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994))). Res judicata "bars the relitigation of issues which were actually litigated or which **could** have been litigated" in the first action so long as the party against whom the earlier decision is being asserted had a "full and fair opportunity to litigate the issue." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) (internal quotation marks omitted); *see also State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001). "Generally, principles of res judicata, or claim preclusion, apply to judgments in class actions as in other cases." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226 (11th Cir. 1998).

In this case, all elements of res judicata are met. The *Frankle* class action involved the same set of factual circumstances – improperly-installed clothes dryers, purchased from Best Buy during a specific period of time – and the same parties, as Jackson was a *Frankle* Class member. Not only was Jackson initially a Frankle Class member, but he took no steps to opt out of the class after he was sent the Class notice. (Collins Decl. ¶¶ 2-4.) The Court entered a final judgment incorporating the parties' settlement in the *Frankle* class action, and "[i]t is widely agreed that an earlier dismissal

based on a settlement agreement constitutes a final judgment on the merits in a *res judicata* analysis." *Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 660 (Fed. Cir. 2011); *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) ("When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*."). Finally, the Court found that the parties in the *Frankle* action had a full and fair opportunity to litigate their claims and that the Settlement Notice to Class members, including Jackson, fairly and adequately notified them of the settlement and the steps they should take to obtain compensation.

Because all elements of res judicata are met, claims based on Jackson's injury from the improperly-installed dryer purchased at Best Buy in 2007 would be precluded. The Court will turn next to whether State Farm's subrogated claims are also barred by res judicata.

## II.  SUBROGATED CLAIMS

A "party entitled to subrogation[] stands in the shoes of the plaintiff, and can be subrogated to no greater rights than the one in whose place he is substituted." *Iowa Elec. Light & Power Co. v. Mobile Aerial Towers, Inc.*, 723 F.2d 50, 53 (8th Cir. 1983) (internal quotation marks omitted). "[O]nce the injured person settles a claim and thus extinguishes his own right to further pursuit of that claim, the rights of the party with the subrogation interest in the claim are extinguished as well." *Hamanne v. Cent. States, Se.*

*& Sw. Areas Health & Welfare Fund*, 11 F. Supp. 2d 1065, 1069 (D. Minn. 1998) (quoting *Shell v. Amalgamated Cotton Garment*, 43 F.3d 364, 366 (8th Cir. 1994)).

Because res judicata precludes Jackson from asserting an extinguished claim based on the improper dryer installation, and State Farm brings its claims against Best Buy solely as a subrogee of Jackson's claims, the Court concludes that State Farm is also barred by res judicata. State Farm stands in Jackson's shoes and cannot assert a right to pursue claims for an injury on which Jackson himself would be barred from recovering. Accordingly, the Court will grant Best Buy's motion and order State Farm to dismiss with prejudice its claims against Best Buy pending in the 19th Judicial District Court, Parish of East Baton Rouge in Louisiana.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, Best Buy's Motion to Enforce Settlement and Injunction [Docket No. 132] is **GRANTSED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. State Farm shall dismiss with prejudice its claims in subrogation against Best Buy, before the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, Case No. 608859.

---

[1] The Court "expressly retain[ed] jurisdiction over all matters relating to the adjudication of claims" in the Order entering final judgment and approving the final settlement in the *Frankle* action. (Order Granting Final Approval at 8.) Under the All Writs Act, the Court thus has the authority to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[]." 28 U.S.C. § 1651(a). "Under this statute, the Supreme Court 'has repeatedly recognized the power of a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1284 n.4 (11th Cir. 2007) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)).

2. Kenneth Jackson and State Farm shall be **ENJOINED** from filing or maintaining any action against Best Buy in any forum based on Jackson's released claims.

3. Best Buy shall provide a copy of this Order to counsel for State Farm Fire and Casualty Company.

4. The Court shall retain jurisdiction for the enforcement of the terms of this Order.

5. The Clerk of Court is respectfully directed to mail a copy of this Order to the 19th Judicial District Court, Parish of East Baton Rouge, 222 Saint Louise Street #179, Baton Rouge, LA 70801.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 6, 2015　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge